# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GAYNELL C. COLBURN, individually and on behalf of others similarly situated,** <br> **1700 N. Gay Street** <br> **Baltimore, Maryland 21212** <br> <br>     *Plaintiff,* <br> <br> **v.** <br> <br> **DRIFTWOOD HOSPITALITY MANAGEMENT, LLC** <br> **11770 us Hwy One, Ste 202** <br> **N. Palm Beach, FL 33408** <br> <br>     **Serve on:** <br> <br>     **Corporation Service Co.** <br>     **251 Little Falls Drive** <br>     **Wilmington, DE 19808** <br> <br> **DRIFTWOOD HOSPITALITY MANAGEMENT II, LLC** <br> **11770 US Hwy One, Ste 202** <br> **N. Palm Beach, FL 33408** <br> <br> **Serve on:** <br> <br>     **Corporation Service Co.** <br>     **251 Little Falls Drive** <br>     **Wilmington, DE 19808** <br> <br>     *Defendants.* | * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * <br> <br> * | <br> <br> <br> <br> <br> <br> <br> <br> Case No. 1:18-cv-1030-CCB |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

*Comment [Kelly Iverson 8/7/2018 8:44 AM]: Deleted: Defendant.*

Plaintiff, Gaynell C. Colburn, on behalf of herself and the proposed class (defined below), brings this action against Driftwood Hospitality Management, LLC ("Driftwood LLC") and Driftwood Hospitality Management II, LLC (Driftwood II" and, collectively with Driftwood LLC, "Defendants"):

## INTRODUCTION

1. For more than 20 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities by provided full and equal access to the goods, services and facilities provided by hotel owners and operators.

2. This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

3. Defendants owns and/or operates various hotels throughout the United States, and, as part of those operations, provides hotel customers transportation services.

4. Defendants have failed to make their transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5. Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendants have engaged in violations of the ADA, and requiring Defendants to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to non-disabled guests.

## JURISDICTION AND VENUE

6. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7. Personal jurisdiction exists for Defendants because they manages and/or operates multiple hotels located in Maryland, including the Hampton Inn Baltimore Washington International Airport a/k/a Hampton Inn BWI Airport, located at 829 Elkridge Landing Road, Linthicum, Maryland (the "Hampton Inn").

8. Venue in the District of Maryland is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

**PARTIES**

9. Plaintiff Gaynell C. Colburn, at all times relevant hereto, is and was a resident of Baltimore City, Maryland.

10. Plaintiff is a wheelchair user who is limited in the major life activity of walking.

11. As Plaintiff requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible transportation services.

12. Plaintiff is a tester in this litigation and a consumer who wishes to access Defendants' goods and services.

13. Upon information and belief, Defendant Driftwood Hospitality Management, LLC is organized under the laws of Delaware with its principal place of business at 11770 US Highway 1, Suite 202, North Palm Beach, Florida.

14. Upon information and belief, Defendant Driftwood Hospitality Management II, LLC is organized under the laws of Delaware with its principal place of business at the same location as Driftwood - 11770 US Highway 1, Suite 202, North Palm Beach, Florida.

15. Upon information and belief, David Buddemeyer is the President of both Defendant entities.

16. At the time the original Complaint was filed in this action, neither Defendant was registered to do business in Maryland. While Driftwood II was registered in 2011, its registration was forfeited in 2013 and it was not re-registered until after the date this action was filed.

**FACTUAL ALLEGATIONS**

17. Defendants own, manage, and/or operate many hotels throughout the United States.

18. Driftwood II has entered into a Property Management Agreement with the owner of the Hampton Inn to operate the hotel.

19. Driftwood LLC represents itself to the public as operating the Hampton Inn. *See* Driftwood LLC's website,[1] Portfolio, a printout is attached

---

[1] Driftwood LLC's website domain is http://driftwoodhospitality.com/.

4

hereto as **Exhibit A**, at p. 10/16 (identifying the Hampton Inn as well as another Maryland hotel as part of its portfolio).

20. Driftwood LLC (and not Driftwood II) recruits, hires, and trains employees for the Hampton Inn. *See, e.g.,* Driftwood LLC's job postings for the Hampton Inn, a printout is attached hereto as **Exhibit B** (posted on July 4, 2018 by Driftwood LLC, seeking a maintenance engineer for the Hampton Inn).

21. It is believed that discovery will reveal that Driftwood LLC promulgates policies and standards to its affiliated entities, such as Driftwood II, who operate under the Driftwood trade name, for the standard management of the hotels in the Driftwood portfolio.

22. According to Driftwood LLC, it has implemented "a set of well-defined, centralized controls" for its portfolio of properties, including hotel performance monitoring systems and a centralized corporate support program for, *inter alia*, accounting, payroll, sales, and marketing and advertising. *See* Driftwood LLC's website, Operating Approach, a printout is attached hereto as **Exhibit C**. It is believed that discovery will reveal that the Hampton Inn is subject to these centralized controls.

23. It is believed that discovery may reveal that Driftwood II is covered under the same insurance policy as Driftwood LLC.

24. As part of Defendants' hotel operations, Defendants provide their customers transportation services, including, but not limited to, complimentary shuttle services.

5

25. Within the applicable limitations period, Plaintiff called the Hampton Inn and was told by an agent of Defendants that the Hampton Inn provides a complimentary shuttle service for guests.

26. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible.

27. Plaintiff was also told that Defendants would not provide alternative accessible transportation service.

28. An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff in Paragraphs 16 through 18.

29. The investigation performed on behalf of Plaintiff further confirmed that, in addition to the Hampton Inn, Defendants own, manage, and/or operate a substantial number of other hotels in the United States that offer transportation services to their guests, but do not offer equivalent transportation services to guests who use wheelchairs or scooters.

30. These hotels include, but are not limited to, the following locations:

  A. Holiday Inn Phoenix-West, located at 1500 North 51st Street, Phoenix, Arizona.

  B. Staybridge Suites Denver Tech Center, located at 7150 South Clinton Street, Centennial, Colorado.

  C. DoubleTree by Hilton Gainesville, located at 3726 SW 40th Boulevard, Gainesville, Florida.

D. Hawthorn Suites by Wyndham Orlando International Drive, located at 7975 Canada Avenue, Orlando, Florida.

E. Four Points by Sheraton Boston Logan Airport Revere, located at 407 Squire Road, Revere, Massachusetts.

F. Hilton Durham Near Duke University, located at 3800 Hillsborough Road, Durham, North Carolina.

G. DoubleTree by Hilton Hotel Austin Northwest Arboretum, located at 8901 Business Park Drive, Austin, Texas.

H. Hyatt House Houston/Energy Corridor, located at 15405 Katy Freeway, Houston, Texas.

I. Sheraton Dallas Hotel by the Galleria, located at 4801 Lyndon B. Johnson Freeway, Dallas, Texas.

J. Sheraton Salt Lake City Hotel, located at 150 West 500 South, Salt Lake City, Utah.

31. Defendants' policy and practice of refusing to offer individuals with disabilities equivalent transportation services is discriminatory and in violation of the ADA.

32. Though Plaintiff is serving as a tester in this case, she would like to stay at one or more of the properties owned and/or managed by Defendants in the future and use the hotel's transportation services.

33. However, the lack of equivalent transportation services has deterred Plaintiff from staying at the Hampton Inn or using its shuttle service.

7

34. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendants' policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## CLASS ALLEGATIONS

35. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendants because of the lack of equivalent accessible transportation services at those hotels."

36. <u>Numerosity</u>: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

37. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

38. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to

full and equal access to, and use and enjoyment of, Defendants' goods, services and facilities due to the policies and practices described above.

39. *Adequacy of Representation:* Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

40. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

**CAUSE OF ACTION**
**Violations of 42 U.S.C. §§ 12181, *et seq*.**

41. Plaintiff incorporates by reference each and every allegation herein.

42. Plaintiff brings this claim individually and on behalf of the class.

43. Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

44. Defendants' hospitality business is public accommodation under the ADA. 42 U.S.C. § 12181(7).

45. The ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of accommodation." 42 U.S.C. §12182(a).

46. Under sections 204(a) and 306(b) of the ADA, the Department of Justice is responsible for issuing final regulations to implement Title III (except for transportation vehicles and facilities). *See* 42 U.S.C. §§ 12134(a) and 12186(b).

47. Sections 229 and 306(a) of the ADA provide that the Department of Transportation is responsible for issuing regulations to implement the transportation provisions of Titles III of the ADA. *See* 42 U.S.C. §§ 12149 and 12786(a).

48. Consistent with that authority, the Secretary of Transportation promulgated regulations related to Transportation Services for People with Disabilities (the "Regulations"). *See* 49 C.F.R. § 37.1, *et. seq*. ("The purpose of this part is to implement the transportation and related provisions of Titles II and III of the Americans with Disabilities Act of 1990.").

49. The Regulations specifically define "operate" broadly, including "with respect to a fixed route or demand responsive system, the provision of transportation service by a public or private entity itself or by a person under a

contractual or other arrangement or relationship with the entity." 49 C.F.R. § 37.3.

50. In *Civil Rights Education and Enforcement Center, et. al., v. Sage Hospitality Resources, LLC* (hereinafter "*CREEC*"), the defendant asserted that it did not "own, lease or operate" the subject hotels as defined by Title III of the ADA. Recommendation of United States Magistrate Judge, Civil Action No. 15-cv-00236, Dkt. 115 (D. Colo. Feb. 26, 2016); Order approving and adopting Recommendation of United States Magistrate Judge, Civil Action No. 15-cv-00236, Dkt. 121 (D. Colo. March 28, 2016).

51. The *CREEC* Court, relying in part on the Regulations, found that questions of fact existed as to whether the defendant operated the hotels at issue there. *Id*. at p. 21-22 (citing 49 C.F.R. § 37.3) (defendant is governed by the ADA if it "has a contractual **or other arrangement or relationship** with the place of public accommodation"). The court explained that the question is "whether [Defendant] has control sufficient to direct that [the transportation service] vehicles comply with the ADA." *Id*. at p. 23 (emphasis added).[2]

---

[2] Similar to here, the *CREEC* defendant's website asserted that defendant was "a respected and successful hotel operator and investor" and was "one of the largest hotel management companies in the US." *Id*. at p. 4. Additionally, like here, the subject hotels were listed on the defendant's website. *Id.* The Court set forth other evidence that the defendant controlled the hotels, including: (1) defendant's purpose in its operating agreement was to, *inter alia*, "engage in activities related to the hospitality industry" and hotel transportation is an activity so related; (2) two of the defendant's Division Vice Presidents were "responsible for all day to day operations of the hotels [including the subject hotel] with an emphasis on staff training, **service delivery**, expense control and

11

52. When a defendant has "ample power to require compliance with the ADA" and fails to do so it may be liable for discrimination under the ADA. *United States v. Days Inns of Am., Inc.*, 151 F.3d 822, 827 (8th Cir. 1998).

53. Here, both Driftwood II and Driftwood LLC is an "operator" under the ADA for the hotels identified in this Amended Complaint.

54. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

55. Defendants operate fixed route systems and/or demand responsive systems within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

56. For fixed route systems, Defendants must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided. 42 U.S.C. § 12182(B).

---

financial performance"; and (3) the defendant's Regional Vice President was "responsible for **all aspects of support and performance** for [certain] hotels [which included the subject hotel]." *Id.* at pp. 23-24 (emphasis supplied).

57. For demand responsive systems, Defendants must provide wheelchair-accessible vehicles or ensure that equivalent service is provided. 42 U.S.C. § 12182(C).

58. Defendants have engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels it owns, manages and/or operates are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

59. Moreover, by failing to provide accessible transportation, Defendants have engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendants' hotels;

b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control;

13

d) failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

60. Defendants' ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

61. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgement as follows:

1. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants failed to take action reasonably calculated to ensure that Defendants' transportation services were fully accessible to, and independently usable by, individuals with visual disabilities;

2. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendants to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and

which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendants have adopted and is following an institutional policy that will in fact cause Defendants to remain fully in compliance with the law;

      3.    An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

      4.    Payment of costs and reasonable attorneys' fees as provided for by law; and

      5.    Such other additional or alternative relief as the Court finds just and proper.

Dated: August 17, 2018.    Respectfully submitted,

    */s/ E. David Hoskins*
E. David Hoskins, Esq., No. 06705
The Law Offices of E. David Hoskins, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
davidhoskins@hoskinslaw.com


*/s/ Kathleen P. Hyland*
Kathleen P. Hyland, Esq., No. 30075
Hyland Law Firm, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 777-5396 (Tel.)
kat@lawhyland.com

/s/ R. Bruce Carlson
R. Bruce Carlson, No. 29344
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
bcarlson@carlsonlynch.com

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing document was served electronically through the Court's CM/ECF system upon counsel for all parties.

/s/ E. David Hoskins
E. David Hoskins, Bar No. 06705